## GAMBLE v. CRAWFORD.

District Court, E. D. Kentucky.
Feb. 23, 1931.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on defendant's motion that he be permitted to file the amended and substituted answer tendered by him.

1. It must be accepted that the $100,-000 note executed by the Old Bank to the New Bank is the valid obligation of the former. No facts are alleged which, if true, show that it is not so. It is claimed that it is alleged that it was executed after the officers of the Old Bank had placed it in voluntary liquidation without the authority of the stockholders. Assuming that it is possible for a national bank to go into voluntary liquidation without the consent of the stockholders and that after so doing it cannot execute any obligations, notwithstanding this allegation, it must be taken that it was not so executed. There is no direct allegation that the bank ever went into voluntary liquidation. If there is any allegation to that effect, it is merely by way of recital in alleging that the note was executed after the bank had so done. This being so, there is no allegation as to how the bank went into liquidation or what steps were taken to put it there or when it so went. Against the position that this is to be taken as an allegation that the note was executed after the Old Bank went into liquidation is the further allegation that it was executed whilst that bank was still in existence and doing business under its charter. What is meant is that the note was executed after the Old Bank had gone into liquidation is to be gathered from its further allegation that the note was executed after the Old Bank had sold and transferred all of its assets to the New Bank. Construing all these allegations together, the sum of them is that the note was executed whilst the Old Bank was in existence and doing business under its charter after it had sold and transferred all its assets to the New Bank and pursuant to the contract of sale and transfer, and hence that it was executed after the Old Bank had in this way gone into voluntary liquidation. If

that was the way of the transaction—plaintiff's pleading can mean no more—then the note is the binding obligation of the Old Bank. Hightower v. American National Bank, 263 U. S. 351, 44 S. Ct. 123, 68 L. Ed. 334. Besides this in brief filed on behalf of the defendant it is stated that at the regular annual meeting on January 8, 1929, of which meeting and its objects every stockholder had written notice sent by registered mail, and at which stockholders owning more than three-fourths of the capital stock, including plaintiff, were present, the action of the directors in entering into the contract with the New Bank and executing the $100,000 note was ratified and for the first time the affairs of the bank were placed in liquidation and trustees appointed to liquidate its affairs. These statements are not denied by defendant. I think on this motion to be permitted to file this amended and substituted pleading this circumstance may be considered.

2. No fact is alleged showing fraud in the transaction between the Old and the New Bank. In the absence of any allegation in the pleading tendered to the contrary, I have a right to take it for granted that the action was had in order to head off a run on the Old Bank and the closing of its doors. It seems that I am mistaken in saying in former opinion that there had been previous bank failures in Hazard and that vicinity; but it is a matter of common knowledge that at that time and for some years previous financial conditions in that part of the state have been very bad on account of the great depression in the coal business on which it is dependent, and shortly thereafter there were three banks in Hazard and vicinity which failed.

The only complaint made of the transaction was that the New Bank did not give enough for the bank building and paid nothing for the good will. Though defendant may have known nothing of the transaction at the time it was had, according to his concession he became aware of it shortly thereafter and made no complaint of it. The undenied statement referred to above is to the effect that he was present at the meeting on January 8, 1929, and ratified the transaction and the execution of the note.

The transaction no doubt was had under the supervision of the Comptroller and his examiner and met with their approval.

3. The defendant in the new pleading shifts the burden of his complaint. In the former pleading it was the failure to give enough for the bank building and anything for the good will. In order to appreciate this shift, it is important to call attention to certain allegations in the former pleading. It was there alleged that the sale by the Old Bank to the New Bank was limited to such of the assets of the former as were acceptable to the latter and the other assets were pledged to secure the $100,000 note and transferred in trust to certain trustees to collect and realize such assets and apply same so far as necessary in satisfaction of the note and the balance, if any, to be distributed amongst the stockholders. This pleading was sworn to by the defendant. In the pleading tendered it is in effect alleged that the entire assets were transferred to the New Bank and that it has realized therefrom more than sufficient to pay off the $100,000 note and that it has concealed this fact from the Comptroller. Without some explanation of this radical change in position, it is not of itself sufficient to justify a permission to file this pleading. It ought to be accepted that the Comptroller would not have made the assessment if any such state of facts existed.

4. The defendant is seeking to overhaul the transaction between the two banks and all that has transpired since, which will hang up the winding up of the affairs of the Old Bank for a long time and offers no security for the payment of his assessment in case it should finally be determined that he is liable therefor.

The motion for permission to file the amended and substituted answer is overruled, and the plaintiff is entitled to judgment.